IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-12-01105-TUC-CKJ |
| Plaintiff, | **ORDER** |
| v. | |
| Clinton Duane Bonds, | |
| Defendant. | |

On August 31, 2012, Magistrate Judge Hector C. Estrada issued a Report and Recommendation (Doc. 68), in which he recommended denying Defendant's Motion to Suppress Statements (Doc. 29) as moot after the government agreed that the statements attributed to the Defendant were taken without advisement of *Miranda* and the government would not introduce those statements in its case-in-chief. Magistrate Judge Estrada further recommended denying Defendant's Motion to Suppress Evidence (Doc. 28) and supplemental Motion to Suppress Evidence. (Doc. 48). The Defendant filed an objection to the Report and Recommendation on September 18, 2012 (Doc. 71) and the government filed a response on September 27, 2012. (Doc. 73).

### I. STANDARD OF REVIEW

The Court reviews de novo the objected-to portions of the Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The Court reviews for clear error the un-objected to portions of the Report and Recommendation. *Johnson v. Zema Systems Corp.,* 170 F.3d 734, 739 (7th Cir. 1999); See also *Conley v. Crabtree,* 14

F.Supp.2d 1203, 1204 (D.Or.1998).

## II.   ANALYSIS

*Motion to Suppress Statements*

On August 22, 2012, a motion hearing was held before Magistrate Judge Estrada relating to the motions to suppress filed by the Defendant. At that hearing, the government advised the court that it had no intention of introducing the statements made by the Defendant in its case-in-chief. Accordingly, the Magistrate Judge recommended denying Defendant's Motion to Suppress Statements as moot. No objections to this recommendation have been filed.[1] Accordingly, the recommendation to deny Defendant's Motion to Suppress Statements as moot is adopted.

*Motion to Suppress Evidence*

Defendant objects to the Magistrate Judge's finding that there was probable cause for the agents to search the folded jeans held by the Defendant, and handed to another passenger in the vehicle, and seize the pills found concealed within those jeans.

Probable cause to search a vehicle exists "where the known facts and circumstances are sufficient to warrant a man of reasonable prudence in the belief that contraband or evidence of a crime will be found." *Ornelas v. United States*, 517 U.S. 690, 696 (1996). Probable cause is "a fair probability that contraband or evidence of a crime will be found" and is evaluated in light of the totality of the circumstances. *Illinois v. Gates*, 462 U.S. 213, 238 (1983).

After conducting a hearing in which Border Patrol agents Daniel Sturkie and Frank Agudio testified, the Magistrate Judge found that based on the totality of the circumstances, the agents had probable cause to seize the pills found in the folded jeans. The Defendant argues that while evaluating the totality of the circumstances, the

---

[1] In Defendant's objection to the Report and Recommendation, he specifically asserted that he had no objection to the court's recommendation that his motion to suppress the statements be denied as moot.

Magistrate Judge assigned too much weight to the discovery of the alleged marijuana residue and Defendant's statements to the agents.

The Report and Recommendation outlined fourteen (14) occurrences or observations, which together, amounted to probable cause. After an independent review of the record, based upon the totality of the circumstances, this Court agrees with the findings in the Report and Recommendation.

Initially, a canine trained to detect narcotics alerted agents to the Defendant's vehicle. After gaining consent to search the vehicle, the agents discovered a pair of folded jeans in the back seat where the Defendant had been seated. After searching the vehicle, trace amounts of marijuana were discovered and the Defendant acknowledged that he had smoked marijuana earlier in the day.

While conducting background checks on the vehicle's occupants, Agent Agudio observed the Defendant, who was again seated in the rear of the vehicle, drop a cigarette butt out of the rear driver's side window of the vehicle and onto the ground. Agent Agudio opened the door to the vehicle and asked the Defendant to pick up the cigarette. The Defendant told the agent that he would do it later. Agent Agudio then observed, from his position outside the vehicle, the Defendant holding multiple small bags each containing blue pills, which he attempted to place in the folds of the jeans that were in the back seat of the vehicle. Based on Agent Agudio's training and experience, he surmised that the pills were packaged for sale. He then observed the Defendant hand the jeans with the pills concealed therein, to another passenger in the vehicle. Based upon all these circumstances, this Court agrees that a reasonable person would believe that contraband was inside the vehicle.

Accordingly, IT IS ORDERED

1. The Report and Recommendation (Doc. 68) is ADOPTED.

2. Defendant's Motion to Suppress Evidence (Doc. 28) and Defendant's Supplemental Motion to Suppress Evidence (Doc. 48) are DENIED.

3. Defendant's Motion to Suppress Statements (Doc. 29) is DENIED as MOOT.

Dated this 19th day of October, 2012.

_____
Cindy K. Jorgenson
United States District Judge